IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARQUITA HART,<br>5239 Greenville Drive<br>Bryans Road, MD 20616<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>Kash Patel, Director<br>935 Pennsylvania Ave NW<br>Washington DC 20535<br><br>and<br><br>KRANCLE ENVIEH,<br>11427 Vale Spring Drive<br>Oakton, VA 22124<br><br>    Defendants.<br><br>SERVE ON:<br>Edward R. Martin, Jr.<br>U.S. Attorney for the District of Columbia<br>601 D Street NW<br>Washington, DC 20004<br><br>Pamela Bondi, U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530 | CASE NO.: _____ |

**COMPLAINT**

COMES NOW, Plaintiff, Marquia Hart, by and through her undersigned counsel, and sues the Defendants Krancle Envieh ("Envieh") and the Federal Bureau of Investigation ("FBI") for damages suffered as a result of a motor vehicle accident caused by Defendant Envieh's negligence, and in support states as follows:

## PARTIES

1. The Plaintiff, Marquita Hart, is a resident of Bryans Road, Waldorf, Maryland.

2. The Defendant, Krancle Envieh, was an agent and employee of Defendant, FBI, during the relevant time period. Defendant Envieh was the driver operating the motor vehicle in the subject incident of this suit and at all times relevant to this complaint.

3. The Defendant, FBI, is the owner of the vehicle Envieh operated, as well as Envieh's employer. FBI is a federal agency based in Washington, DC and Northern Virginia and with offices in Washington, DC.

## JURISDICTION

4. This Honorable Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331, 1346 as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically, time for commencing action against the United States pursuant to 28 U.S.C. § 2401, and the Federal Tort Claims Act pursuant to 28 U.S.C. §2671-72, 2674, 2679 ("FTCA").

5. This action involves a Defendant who is a federal agency and an agent of that federal agency. Plaintiff has complied with the FTCA by sending a Notice of Claims, and filing to the appropriate forms with the Defendant.

6. On October 10, 2024 Plaintiff's administrative claim was denied by the agency. In a letter confirming this denial, Plaintiff was advised that she could file suit against the United States in an appropriate United States District Court, no later than six (6) months after the date of mailing the notification.

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

8. Venue is appropriate because the acts alleged in this complaint took place in Washington, D.C.

## NATURE OF THE ACTION

9. This is a civil action for damages arising from personal injury that occurred in Washington, DC on January 7, 2021, in which the bodily injuries that the Plaintiff alleges were caused by the negligent acts and/or omissions of the Defendants.

## FACTUAL HISTORY

10. On or about January 7, 2021, Plaintiff, Marquita Hart, was lawfully and carefully traveling North on 12th Street NW, at or near the intersection of Independence Avenue NW in the District of Columbia.

11. That on the aforesaid date and place, a vehicle operated by Defendant, Krankle Envieh, was travelling on Independence Avenue, at the intersection with 12th Street.

12. Plaintiff Hart traveled on 12th Street and with a solid green traffic signal showing for her direction of travel and she entered the intersection with Independence Avenue.

13. That Defendant Envieh entered the intersection from Plaitniff's left, striking the front driver's side of Plaintiff's vehicle.

14. The force of the collision caused serious and permanent injury to the Plaintiff, Marquita Hart.

15. Following the accident, Plaintiff was transported to George Washington University Hospital by D.C. Fire and EMS.

16. Plaintiff was diagnosed with left knee pain and neck pain during her time in the hospital. Plaintiff was also reported to have "mild TTP" in the left lateral aspect of her neck and "circumstantial TTP" of the left knee.

17. Plaintiff was further instructed by medical personnel while in the hospital that she may experience worseining soreness over the next few days and that she should take pain medication as directed, ice, and rest.

18. Plaintiff was prescribed 500mg of Naproxen to consume twice daily for 14 days.

19. Following her emergency room visit, Plaintiff followed up with a pain doctor on Janaury 11, 2021. During this visit, the medical providor determined that after an assessment of Plaintiff's condition, she was diagnosed with: sprain of liagments of the cervical and lumbar spine, contusion of her left knee, constracture of muscles, post-traumatic headache, dizziness, and pain in both her wrisits. The provider explained that "this patient did receive this injury as a result of the traumatic forces experienced during the accident."

20. Plaintiff was directed to continue with follow up appointments twice a week for four (4) weeks to address her diagnosis.

21. Due to the extent of her pain and injuries, Plaintiff continued to receive medical treatment in over twenty-five (25) medical visits, including, but not limited to, the period of Janaury 11, 2021 to May 17, 2021. During this time, Plaintiff was engaged in extensive physical therapy to address her pain management and physical mobility.

22. Plaintiff's total medical bills and expenses to date are in excess of $17,095.94.

23. As a direct and proximate result of the injuries suffered in this accident, Plaintiff has suffered in excess of $4,502.24 in lost wages.

24. Plaintiff has continued to experience pain following the completion of her medical treatment.

## COUNT I - NEGLIGENCE

25. The Plaintiff re-alleges and incorporates all the allegations contained above as if fully set forth herein.

26. That the Defendant Envieh was negligent and breached various duties owed to the Plaintiff in failing to maintain and operate their vehicle at an appropriate speed for the thoroughfare and the traffic, failing to pay adequate attention to the motorists around them, failing to stop and clear the intersection before proceeding through the intersection on a red light for their direction of travel, failing to yield right of way, and failing to take such other further and evasive action to avoid the collision aforesaid when in the exercise of due care and caution that the Defendant could have and should have done so.

27. Defendant Envieh was negligent and breached duties owed to the Plaintiff by:
    a. Failing to maintain and operate the vehicle at a safe speed, in violation of D.C. Code § 50-2201.04(b);
    b. Failing to yield the right of way, in violation of D.C. Code § 50-2201.28;
    c. Disregarding a traffic control device, in violation of D.C. Code § 50-2201.03(c);
    d. and failing to exercise reasonable care under the circumstances.

28. The Defendant failed to obey the traffic signal showing for their direction of travel, making an improper manuver, failing to yield the right of way to Plaintiff Hart.

29. The Defendant had a duty of care to operate his vehicle in a proper fashion, and Defendant breached this duty of care by failing to operate his vehicle in a safe and proper manner.

30. That Defendant's negligence proximately caused the Plaintiff to suffer serious physical personal injury, including but not limited to, extreme and permanent pain and suffering,

permanent and debilitating injury to her head, body and limbs and to suffer great mental anguish, medical expenses in the past and future, property damage, and to suffer a loss of wages and wage earning capacity. All Plaintiff's losses, past, present and prospective were, are and will be due soley by reason of the negligence of Defendant Envieh, without any negligency by Plaintiff, MARQUITA HART contributing thereto.

WHEREFORE, Plaintiff, Marquita Hart, demands money judgement against Defendant, Envieh, in the sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus costs and interest at the legal rate from the date of judgment.

## COUNT II – NEGLIGENT ENTRUSTMENT

31. The Plaintiff re-alleges and incorporates all the allegations contained above as if fully set forth herein.

32. Under the law of the District of Columbia, a claim for negligent entrustment requires the following elements:

    a. The entrustor supplied a chattel (in this case, a motor vehicle) to the entrustee;

    b. The entrustor knew or should have known that the entrustee was likely to use the chattel in a manner involving an unreasonable risk of harm to others; and

    c. The entrustee's negligent use of the chattel caused harm to the plaintiff. *Young v. U-Haul Co.*, 11 A.3d 247, 250 (D.C. 2011).

33. Defendant FBI (entrustor) supplied the subject motor vehicle to Defendant Envieh, an agent and employee of the FBI, for use in the course of his employment.

34. Defendant FBI knew or should have known that Defendant Envieh (entrustee) had a history of negligent driving or a propensity to drive negligently, which created an unreasonable risk of harm to others.

35. Defendant FBI failed to exercise reasonable care in investigating Defendant Envieh's driving record or in ensuring that he was a safe and competent driver before entrusting him with the vehicle.

36. Defendant Envieh's negligent operation of the vehicle, as described in Count I, directly and proximately caused the Plaintiff's injuries and damages.

37. That the Defendant FBI had a duty of inquiry as to the past driving record or knowledge of an adverse driving record of the Defendant Envieh, and failed to perform that duty prior to entrusting the subject motor vehicle to the Defendant Envieh. Alternatively, it is alleged that the Defendant FBI knew or should have known of Defendant Envieh's driving record and/or a propensity to drive negligently before entrusting the subject motor vehicle to him.

WHEREFORE, the Plaintiff demands money judgement against Defendant FBI in the sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus costs and interest at the legal rate from the date of judgment.

## COUNT III – RESPONDEAT SUPERIOR

38. The Plaintiff re-alleges and incorporates all the allegations contained above as if fully set forth herein.

39. That during all times mentioned herein, the Defendant FBI was the owner of the motor vehicle driven by Defendant Envieh for his own use and for the use of Defendant FBI with the express permission and consent of Defendant FBI.

40. That at the time of the aforementioned accident, the Defendant Envieh was acting within the scope and course of his responsibility as an agent and/or employee of the Defendant, FBI.

41. That the Defendant, FBI, is liable for the negligence of Defendant Envieh, who was driving

the motor vehicle owned by Defendant FBI with Defendant FBI's express permission and consent to operate the motor vehicle within the scope and course of his responsibility as an agent and/or employee of the Defendant FBI.

WHEREFORE, the Plaintiff demands money judgement against Defendant FBI in the sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus costs and interest at the legal rate from the date of judgment.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Dated: April 9, 2025

Respectfully submitted,

*[signature: Dionna Maria Lewis]*

Dionna Maria Lewis, Esq.
Bar No. 219016
District Legal Group, PLLC
700 Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Dionna@DistrictLegalGroup.com
*Attorney for Plaintiff*